IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADEMARK HOLDER IDENTIFIED IN EXHIBIT 1,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: |

**COMPLAINT**

The trademark holder identified in Exhibit 1[1] ("Plaintiff"), brings this action against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants"). In support of this Complaint, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., and pursuant to 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

---

[1] Plaintiff's corporate name and address is identified on the trademark certificate attached as Exhibit 1. Concurrent with this Complaint, Plaintiff is filing a Motion for Leave to File Exhibits Under Seal requesting that papers identifying Plaintiff and its registered trademarks be temporarily sealed pending the outcome of a forthcoming Motion for Temporary Restraining Order. As noted in the Motion for Leave to File Exhibits Under Seal, Plaintiff requests to temporarily seal its name to mitigate the risk that Defendants will transfer assets or destroy evidence upon learning of Plaintiff's identity and trademarks.

2. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, as each of the Defendants directly targets consumers in the United States, including in Illinois and in this District, through acts of trademark infringement and counterfeiting, as described herein.

4. Specifically, Defendants, under the cover of aliases, operate Internet enterprises, online marketplaces, profiles, stores and/or accounts (collectively, "Defendant Internet Stores"), through which consumers in Illinois and in this District can purchase products bearing, and/or that are sold using, counterfeit versions of Plaintiff's trademarks. Schedule A identifies the aliases Defendant's use ("Defendant Aliases") and URLs associated with each Defendant Internet Store.

5. Each of the Defendants has targeted and sought sales from Illinois residents by operating online stores that offer shipping to the United States, including to addresses in Illinois and in this District, accepting payments in U.S. dollars and, on information and belief, selling products bearing, and/or that are sold using, counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

## INTRODUCTION

6. Plaintiff files this action against online counterfeiters who, without consent, improperly trade on Plaintiff's reputation and goodwill by using unauthorized and counterfeit versions of Plaintiff's trademarks (the "Asserted Trademarks") to sell, offer for sale, distribute, or advertise infringing products ("Unauthorized Products").

7. The United States Patent and Trademark Office has granted Plaintiff registrations for the Asserted Trademarks (the "Registrations"). The Registrations are valid, subsisting, and in full force and effect. True and correct copies of federal trademark registration certificates for the Asserted Trademarks are attached hereto as Exhibits 1 - 3.

8. Defendants have created the Defendant Internet Stores, operate under one or more Defendant Aliases, and are advertising, offering for sale and selling Unauthorized Products to unsuspecting consumers. Defendant Internet Stores operating under the Defendant Aliases share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

9. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting actions. Plaintiff files this action to address Defendants' counterfeiting of the Asserted Trademarks and to protect unknowing consumers from purchasing unauthorized counterfeit products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

10. Plaintiff is a corporation having a principal place of business at the address listed in the trademark certificate attached as Exhibit 1.

11. Plaintiff is in the business of developing, marketing, selling and distributing products bearing the Asserted Trademarks. Products that Plaintiff sells under the Asserted Trademarks include those identified in the trademark certificates attached as Exhibits 1 - 3.

12. As a result of Plaintiff's substantial expenditures of time, money, and other resources developing, advertising, and otherwise promoting quality products in association with the Asserted Trademarks, products associated with the Asserted Trademarks are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

13. The Asserted Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The Registrations constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the Asserted Trademarks pursuant to 15 U.S.C. § 1057 (b).

14. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Asserted Trademarks. As a result, authorized products bearing the Asserted Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

15. The Asserted Trademarks have become famous, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

## THE DEFENDANTS

16. Defendants are individuals and business entities who, on information and belief, reside outside the United States. Defendants conduct business throughout the United States,

including within Illinois and in this District, through the operation of online enterprises such as the Defendant Internet Stores.

17. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using infringing and counterfeit versions of the Asserted Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operations and relatedness make it virtually impossible for Plaintiff to learn Defendants' true identities and the precise interworking of their counterfeit network.

## THE DEFENDANTS' UNLAWFUL CONDUCT

18. Plaintiff has identified numerous marketplace profiles associated with the Defendant Internet Stores on third-party platforms, such as eBay, Wish and Dhgate. See Schedule A. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise, offer for sale, sell, and import Unauthorized Products to consumers in this District and throughout the United States.

19. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was nearly $1.4 billion, up from over $1.2 billion in 2017. See Exhibit 4 (U.S. Customs and Border Protection Fiscal Year 2018 Seizure Statistics).

20. CBP reports that over 90% of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by Defendants. See Exhibit 4 at p. 15. Counterfeit and pirated products account for billions in economic losses, resulting in

tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

21. The Department of Homeland Security ("DHS") reports in a January 2020 publication on counterfeiting that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 5 at p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

22. Defendants go to great lengths to operate anonymously and often use multiple Defendant Aliases to register and operate their networks of Defendant Internet Stores. Such Defendant Internet Store registration patterns are one of many common tactics Defendants use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

23. Further, counterfeiters, such as Defendants, also consult and post information to "seller-defense" websites developed and maintained to provide counterfeiters early notice of recently filed lawsuits, so assets and evidence can be transferred, hidden or destroyed before a temporary asset restraint is instituted. Exhibit 6 provides screen-captures of an exemplary "seller-defense" website recently identified by Plaintiff.

24. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores use identical or equivalent language to sell Unauthorized Products.

25. In addition, the Unauthorized Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

26. On information and belief, Defendants communicate with each other and regularly participate in chat rooms and online forums regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

27. The Defendant Internet Stores also include other notable common features, including common payment methods, lack of contact information, identically or similarly-appearing products, identical or similarly priced items and volume sales discounts, and the use of the same text and images.

28. Defendants further perpetuate the illusion of legitimacy by offering indicia of authenticity that consumers have come to associate with authorized retailers, including Visa®, MasterCard®, and PayPal® logos. Plaintiff has not licensed or authorized Defendants to use its Asserted Trademarks, and none of the Defendants are authorized retailers of genuine products.

29. Further, counterfeiters, such as Defendants, typically operate multiple credit card merchant accounts and payment service accounts behind layers of payment gateways so that they can continue operation in spite of anti-counterfeiting enforcement efforts. Upon information and belief, counterfeiters, such as Defendants, maintain off-shore bank accounts and regularly move funds to evade enforcement of judgment.

30. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale,

and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences.

31. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Asserted Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including to Illinois, and, on information and belief, each Defendant has offered to sell Unauthorized Products into the United States, including to Illinois.

32. Defendants' unauthorized use and counterfeiting of the Asserted Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

33. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

34. Plaintiff is the exclusive owner of the Asserted Trademarks. Plaintiff's Registrations for the Asserted Trademarks (attached as Exhibits 1 - 3) are in full force and effect.

35. The marks used by Defendants in their promotion, advertising, marketing, offers for sale, and sale of the Unauthorized Products are identical with, or substantially indistinguishable from, the registered Asserted Trademarks.

36. Defendants have engaged in unauthorized uses in commerce of counterfeit imitations of the registered Asserted Trademarks in connection with the sales, offers for sale, distribution, and/or advertising of infringing goods.

37. The Asserted Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the Asserted Trademarks.

38. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the Asserted Trademarks without Plaintiff's authorization or permission.

39. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Asserted Trademarks, and are willfully infringing and intentionally using counterfeits of the Asserted Trademarks despite such knowledge.

40. Defendants' willful, intentional and unauthorized use of the Asserted Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

41. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Asserted Trademarks.

43. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

44. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

45. Defendants' promotion, advertising, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

46. By using the Asserted Trademarks in connection with the sale of Unauthorized Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

47. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

48. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

49. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

50. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Unauthorized Products as those of Plaintiff, causing a likelihood of

confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

51. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

52. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Asserted Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product or not authorized by Plaintiff to be sold in connection with Plaintiff's Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Asserted Trademarks;

11

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. further infringing Plaintiff's Asserted Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2) Plaintiff further requests that Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through e, above.

3) Plaintiff further seeks entry of an order that, upon Plaintiff's request, any third party receiving notice who is providing, or has provided, services to any of the Defendants, or in connection with any of the ecommerce Internet stores operating under the Defendant Aliases, or other aliases operated by Defendants, including, without limitation, any online marketplace platforms, such as iOffer, eBay, Amazon, Wish.com, and Dhgate, or third party payment processors, such as PayPal, Inc. ("PayPal"), DHPay, Wish.com, and Amazon Pay (collectively and hereinafter ("Third Party Providers"), shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of Unauthorized Products using the Asserted Trademarks, including any accounts associated with the Defendants listed on Schedule A;

12

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Unauthorized Products using the Asserted Trademarks; and

    c. cooperate in Plaintiff's enforcement of any judgment in Plaintiff's favor as provided by the Court.

4) Plaintiff further requests that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Asserted Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

5) Alternatively, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Asserted Trademarks.

6) Plaintiff also seeks an award of its reasonable attorneys' fees and costs.

7) Plaintiff also seeks an award of any and all other relief that this Court deems just and proper.

DATED: August 4, 2020                    Respectfully submitted,

*/s/ Matthew A. Werber*
Matthew A. Werber (Ill. # 6287658)
mwerber@nixonpeabody.com
Ariel Roth (Ill. # 6327096)
aroth@nixonpeabody.com
**NIXON PEABODY LLP**
70 W. Madison St., Suite 3500
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

***ATTORNEYS FOR PLAINTIFF***