IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADEMARK HOLDER IDENTIFIED IN EXHIBIT 1 HERETO, <br><br>    Plaintiff, <br><br>    v. <br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br>    Defendants. | Case No.: 20-cv-04559 <br><br> District Judge Robert M. Dow, Jr <br><br> Magistrate Judge Honorable Beth W. Jantz |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, BESTWAY INFLATABLES & MATERIAL CORP.'S ("Bestway's" or "Plaintiff's") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants corresponding to the aliases ("Defendant Aliases") or online marketplace accounts or profiles associated with the internet store URLs (the "Online Marketplace Accounts") in Schedule A to the Complaint, with the exception of those who have been dismissed from this lawsuit, (hereinafter, "Defendants").

THIS COURT HEREBY FINDS that is has personal jurisdiction over the Defendants as the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating ecommerce Internet stores and online marketplace accounts that target United States consumers using one or more Defendant Aliases through which Illinois residents can purchase

1

products using infringing and counterfeit versions of the registered BESTWAY Trademarks identified in the chart below (the "BESTWAY Trademarks").

| **REGISTRATION NUMBER** | **TRADEMARK** | **REGISTRATION DATE** | **GOODS AND SERVICES** |
|---|---|---|---|
| 2,748,177 | BESTWAY | August 5, 2003 | Scuba goggles, diving masks, snorkels and fins, U.S Class(es): 021, 023, 026, 036, 038; Rafts and oars, U.S Class(es): 019, 021, 023, 031, 035, 044; Air mattresses for camping, U.S Class(es): 002, 013, 022, 025, 032, 050; Inflatable float mattresses and pads and swim floats for recreational use; inflatable balls, animals, cartoon characters and similar figures, trees, fish, snow tubes, cars, planes, boats, swimming pools and play centers, such as castles and spaceships all for recreational use, U.S Class(es): 022, 023, 038, 050 |
| 2,756,976 | Bestway (logo) | August 26, 2003 | Beach toys, U.S Class(es): 022, 023, 038, 050 |
| 5,702,452 | BESTWAY | March 19, 2019 | Water filtering apparatus; Swimming pool chlorinating apparatus; Water filtration and purification units and replacement cartridges therefor; Water heaters; Heaters for swimming pools, U.S Class(es): 013, 021, 023, 031, 034; Non-metal above ground swimming pools, U.S Class(es): 001, 012, 033, 050 |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order should remain in place through the pendency of this litigation and

2

that issuing this Preliminary Injunction without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate. In support of its Motion for Entry of a Temporary Restraining Order Plaintiff presented specific facts in the Declaration of Eric Li, paragraphs 14 - 21, and the Declaration of Matthew A. Werber, paragraphs 2 - 9, and accompanying evidence showing that Plaintiff has demonstrated a likelihood of success on the merits; no remedy at law exists; and Plaintiff will suffer irreparable harm in the absence of a Preliminary Injunction.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily and preliminary enjoined and restrained from:

   a. using Plaintiff's BESTWAY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BESTWAY product or not authorized by Plaintiff to be sold in connection with Plaintiff's BESTWAY Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a BESTWAY product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's BESTWAY Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

3

    d.    further infringing Plaintiff's BESTWAY Trademarks and damaging Plaintiff's goodwill;

    e.    otherwise competing unfairly with Plaintiff in any manner;

    f.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's BESTWAY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

2.    Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the ecommerce Internet stores operating under the Defendant Aliases, Online Marketplace Accounts or other aliases operated by Defendants, including, without limitation, any online marketplace platforms, such as eBay, Amazon, Wish.com, and Dhgate, credit cards, banks, merchant account providers, and payment service providers, such as PayPal, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a.    the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and including any and all associated e-mail addresses;

    b.    the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Aliases and Online Marketplace

4837-7521-0441.2

        Accounts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective ecommerce Internet stores operating under the Defendant Aliases and Online Marketplace Accounts;

  c.    any of the Defendant Aliases and Online Marketplace Accounts;

  d.    any other Defendant Aliases and Online Marketplace Accounts registered by Defendants; and

  e.    any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Wish.com, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3.    Upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within five (5) business days after receipt of such notice:

  a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the BESTWAY Trademarks; and

  b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the BESTWAY Trademarks.

4837-7521-0441.2

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including, but not limited to, PayPal, Wish.com, and Amazon Pay, shall, within two (2) business days of receipt of this Order, for any Defendant or any of the Defendant Aliases and Online Marketplace Accounts:

   a. locate all accounts and funds connected to Defendants or the Defendant Aliases and Online Marketplace Accounts, including, but not limited to, any financial accounts connected to the information listed in Schedule A, the e-mail addresses identified in Exhibit 1 to the Declaration of Eric Li, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction motion by electronically publishing relevant pleadings on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 1 to the Declaration of Eric Li or any e-mail addresses provided to Defendants by third parties that includes a link to said website. Defendants represented by counsel can be notified through counsel.

7. The following are unsealed: (1) Schedule A to the Complaint; (2) Plaintiff's trademark registration certificates attached as Exhibits 1 – 3 to the Complaint; (3) Exhibit 6 to the Complaint; (4) the Motions granted by this Order; (5) memorandums of law, declarations and

supporting exhibits and papers submitted in support of the Motions; and (6) the Sealed Temporary Restraining Order.

8. The Ten Thousand Dollars ($10,000.00), bond posted by Bestway shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.


DATED: September 10, 2020        IT IS SO ORDERED

_____
Robert M. Dow, Jr
U.S. District Court Judge